# EXHIBIT A

Case 3:18-cv-00702-DMS-JLB    Document 1-3    Filed 04/09/18    PageID.34    Page 2
of 29

# NATIONWIDE LEGAL LLC

PROCESS INSTRUCTIONS
PHONE (619) 232-7500
FAX (619) 232-7600



## DLS48849

**Server: UNASSIGNED**

030 - STANDARD PROCESS - 48 HRS

| FIRM NAME: & ADDRESS: | CUST #: DLS350 | COURT: |
|---|---|---|
| SKILLING O'LEARY, PC<br>401 West A Street Suite 1745<br>SAN DIEGO CA, 92101 | DUE DATE #: 3/23/2018<br>HEARING DATE #: | SAN DIEGO/SAN DIEGO SUPERIOR COURT<br>330 W. BROADWAY, SAN DIEGO, CA 92101-3409<br>CASE# 37-2018-00008302-CU-OE-CTL |

PHONE #:(619) 500-4027

FAX #: (888) 483-3049

CASE TITLE: Matthew John Swearingen, individually and on Behalf of Other Members of the Public Similarlt Situated VS. Defenders, Inc.

CONTACT: TIMOTHY O'LEARY EMAIL: tim@skolegal.com

BILLING / FILE #: Swearingen v Defenders

DATE / RECEIVED: 3/8/2018

STANDARD

**INSTRUCTIONS:**

Servee: **Defenders, Inc.**
**CSC Lawyers  Agent for Service of Process**

Business Address:

**2710 Gateway Oaks Dr Ste 150N
Sacramento, CA 95833**

CSC

Documents: **Summons; Complaint; Alternative Dispute (ADR) package; Civil Case Cover Sheet; Notice of Confirmation of Filing; Notice of Case Assignment and Case Management Conference on Mandatory eFile Case;**

| DATE | TIME | DRIVER # | NOTES FROM SERVER(S) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

Physical Description:

Age: _____  Height: _____  Skin: _____  Hair: _____

Sex: _____  Weight: _____  Eyes: _____

Marks: _____

☐ Personal Service

☐ Substituted Service

☐ Not Served

Served To: _____  Title/Rel: _____

Served At: _____  Date: _____

_____  Time: _____

Server: _____

order #: DLS48849/WORKP

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br><br>DEFENDERS, INC., AND DOES 1-10, INCLUSIVE<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br><br>MATTHEW JOHN SWEARINGEN, Individually and on Behalf of<br>Other Members of the Public Similarly Situated | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**02/20/2018** at 12:00:00 AM<br>Clerk of the Superior Court<br>By Justin Jones,Deputy Clerk |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*  San Diego Superior Court<br>County of San Diego - Hall of Justice (Central)<br>330 West Broadway, San Diego, CA 92101 | CASE NUMBER<br>*(Número del Caso):*<br>37-2018-00008302-CU-OE-CTL |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Timothy J. O'Leary, Skilling O'Leary, PC, 401 West A St., Ste. 1745, San Diego, CA 92101. 619-500-4027

| DATE:  02/20/2018<br>*(Fecha)* | Clerk, by<br>*(Secretario)*  J. Jones | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [✗] on behalf of *(specify):* Defenders, Inc.

   under: [✗] CCP 416.10 (corporation)      [ ] CCP 416.60 (minor)
           [ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
           [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
           [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**02/20/2018** at 12:00:00 AM
Clerk of the Superior Court
By Justin Jones, Deputy Clerk

MESERVY LAW, P.C.
LONDON D. MESERVY (SB# 216654)
401 West A Street, Suite 1712
San Diego, CA 92101
Telephone:    1-858-779-1276
Facsimile:    1-866-231-8132
london@meservylawpc.com

SKILLING O'LEARY, PC
TIMOTHY J. O'LEARY (SB# 270229)
DAVID L. SKILLING (SB# 255844)
401 West A Street, Suite 1745
San Diego, CA 92101
Telephone:    1-619-500-4027
Facsimile:    1-888-483-3049
tim@skolegal.com
david@skolegal.com

Attorneys for Plaintiff
Matthew John Swearingen
and for Members of the Class and Subclasses

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO

## CENTRAL DIVISION

| | |
|---|---|
| MATTHEW JOHN SWEARINGEN, Individually and on Behalf of Other Members of the Public Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> DEFENDERS, INC., AND DOES 1-10, INCLUSIVE, <br><br> Defendants. | Case No.   37-2018-00008302-CU-OE-CTL <br><br> **CLASS ACTION** <br><br> **COMPLAINT FOR:** <br><br> **(1) FAILURE TO PROVIDE COMPLIANT ITEMIZED WAGE STATEMENTS;** <br><br> **(2) FAILURE TO PAY WAGES, INCLUDING MINIMUM WAGES;** <br><br> **(3) FAILURE TO PAY OVERTIME WAGES;** <br><br> **(4) FAILURE TO PROVIDE REST PERIODS;** <br><br> **(5) FAILURE TO TIMELY PAY WAGES DUE;** <br><br> **(6) FAILURE TO REIMBURSE EMPLOYEE EXPENSES; AND** <br><br> **(7) UNFAIR COMPETITION.** <br><br> <u>**DEMAND FOR JURY TRIAL**</u> |

1.

COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Matthew John Swearingen ("Plaintiff"), individually and on behalf of others similarly situated, and asserts claims against defendant Defenders, Inc. ("Defenders") and Does 1-10, inclusive (each a "Defendant" and collectively "Defendants") as follows:

## JURISDICTION AND VENUE

1.      This class action is brought under California Code of Civil Procedure §382.   The monetary damages and restitution sought by Plaintiff exceed the minimum jurisdiction limits of the California Superior Court and will be established according to proof at trial.

2.      This Court has jurisdiction over this action under the California Constitution Article VI §10, which grants the California Superior Court original jurisdiction in all causes except those given by statute to other courts.   The statutes under which this action is brought do not give jurisdiction to any other court.

3.      This Court has jurisdiction over Defendants because, upon information and belief, each Defendant is either a resident of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by the California Courts consistent with traditional notions of fair play and substantial justice.

4.      Venue is proper in this Court because upon information and belief, one or more of the Defendants, reside, transact business, or have offices in this County and the acts or omissions alleged herein took place in this County.

## PARTIES

5.      Plaintiff is, and at all times mentioned in this complaint was a resident of San Diego County, California.   Plaintiff was an employee of Defenders from in or about July 2015 to in or about June 2017.

6.      Plaintiff is informed and believes, and thereon alleges, that at all relevant times mentioned herein Defenders was licensed and qualified to do business in California.   On information and belief, Plaintiff alleges that at all relevant times referenced herein Defenders did and continues to transact business throughout California.

7.      Whenever in this complaint reference is made to any act, deed, or conduct of

2

COMPLAINT FOR DAMAGES

Defenders, the allegation means that Defenders engaged in the act, deed, or conduct by or through one or more of its officers, directors, agents, employees, or representatives, who was actively engaged in the management, direction, control, or transaction of the ordinary business and affairs of Defenders.

8.      Plaintiff is ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants sued herein as Does 1 through 10, inclusive and therefore sues said Defendants (the "Doe Defendants") by such fictitious names.  Plaintiff will amend this complaint to insert the true names and capacities of the Doe Defendants at such time as the identities of the Doe Defendants have been ascertained.

9.      Plaintiff is informed and believes, and thereon alleges, that the Doe Defendants are the partners, agents, or principals and co-conspirators of Defenders, and of each other; that Defenders and the Doe Defendants performed the acts and conduct herein alleged directly, aided and abetted the performance thereof, or knowingly acquiesced in, ratified, and accepted the benefits of such acts and conduct, and therefore each of the Doe Defendants is liable to the extent of the liability of the Defendants as alleged herein.

10.      Plaintiff is further informed and believes, and thereon alleges, that at all times herein material, each Defendant was completely dominated and controlled by its co-Defendants and each was the alter ego of the other.  Whenever and wherever reference is made in this complaint to any conduct by a Defendant, such allegations and references shall also be deemed to mean the conduct of each of the Defendants, acting individually, jointly, and severally.  Whenever and wherever reference is made to individuals who are not named as Defendants in this complaint, but were employees and/or agents of Defendants, such individuals, at all relevant times acted on behalf of Defendants named in this complaint within the scope of their respective employments.

**CLASS ACTION ALLEGATIONS**

11.      Plaintiff brings this action on his own behalf, as well as on behalf of each and all other persons similarly situated, and thus, seeks class certification under California Code of Civil Procedure §382.

12.      All claims alleged herein arise under California law for which Plaintiff seeks relief

3

as authorized by California law.

13.     The proposed class is comprised of and defined as:

Any and all persons who are or were employed as Security Technicians, Security Advisors, or equivalent positions, however titled, by Defendants in the state of California within four (4) years prior to the filing of the complaint in this action until resolution of this lawsuit (hereinafter collectively referred to as the "Class" or "Class Members").

The proposed Waiting Time Subclass is comprised of and defined as:

All Class Members whose employment was terminated at any time within three (3) years prior to the filing of the complaint in this action until resolution of this lawsuit (hereinafter collectively referred to as the "Waiting Time Subclass" or "Waiting Time Subclass Members").

The proposed Paystub Subclass is comprised of and defined as:

All Class Members who were employed by Defendants at any time from within one (1) year prior to the filing of the complaint in this action until resolution of this lawsuit (hereinafter collectively referred to as the "Paystub Subclass" or "Paystub Subclass Members").

14.     There is a well-defined community of interest in this litigation and the members of the Class and Subclasses are easily ascertainable as set forth below:

a.     Numerosity:  The members of the Class and Subclasses are so numerous that joinder of all members of the Class and Subclasses would be unfeasible and impractical.  The membership of the entire Class, Waiting Time Subclass, and Paystub Subclass is unknown to Plaintiff at this time, however, the membership of the Class is estimated to be greater than two hundred (200) individuals, the membership of the Waiting Time Subclass is estimated to be greater than one hundred (100) individuals, the membership of the Paystub Subclass is estimated to be greater than one hundred (100) individuals, and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

b.     Typicality:  Plaintiff is qualified to, and will fairly and adequately protect the interests of each member of the Class and Subclasses with whom he has a well-defined community of interest. Plaintiff's claims herein alleged are typical of those claims which could be alleged by any member of the Class and/or Subclasses, and the relief sought is typical of the relief which would be sought by each member of the Class and/or Subclasses in separate actions. All

4

1   members of the Class, Paystub Subclass, and/or Waiting Time Subclass have been similarly harmed

2   by failing to be reimbursed for business expenses, being provided non-compliant wage statements,

3   being denied wages, including minimum and overtime premium wages, being denied rest periods,

4   and being denied complete final wages upon termination of employment due to Defendants'

5   policies and practices that affected each member of the Class, Paystub Subclass, and/or Waiting

6   Time Subclass similarly. Further, Defendants benefited from the same type of unfair and/or

7   wrongful acts as to each member of the Class, Paystub Subclass, and/or Waiting Time Subclass.

8         c.    **Adequacy:** Plaintiff is qualified to, and will fairly and adequately protect the

9   interests of each member of the Class and/or Subclasses with whom he has a well-defined

10  community of interest and typicality of claims, as demonstrated herein. Plaintiff acknowledges that

11  he has an obligation to make known to the Court any relationships, conflicts, or differences with

12  any member of the Class and/or Subclasses. Plaintiff's attorneys and the proposed counsel for the

13  Class and Subclasses are versed in the rules governing class action discovery, certification,

14  litigation, and settlement and are experienced in handling such matters. Other former and current

15  employees of Defendants may also serve as representatives of the Class and Subclasses if needed.

16        d.    **Superiority:**  The nature of this action makes the use of class action

17  adjudication superior to other methods.  A class action will achieve economies of time, effort,

18  judicial resources, and expense compared to separate lawsuits.  The prosecution of separate actions

19  by individual members of the Class and/or Subclasses would create a risk of inconsistent and/or

20  varying adjudications with respect to the individual members of the Class and/or Subclasses,

21  establishing incompatible standards of conduct for the Defendants, and resulting in the impairment

22  of the rights of the members of the Class and/or Subclasses and the disposition of their interests

23  through actions to which they were not parties.

24        e.    **Public Policy Considerations:**  Employers in the state of California violate

25  employment and labor laws every day.  Current employees are often afraid to assert their rights out

26  of fear of direct or indirect retaliation.  Former employees are fearful of bringing actions because

27  they believe their former employers may damage their future endeavors through negative references

28  and/or other means.  The nature of this action allows for the protection of current and former

5

COMPLAINT FOR DAMAGES

1  employees' rights without fear of retaliation or damage.

2         f.    <u>Commonality</u>:  There are common questions of law and fact as to the Class

3  and Subclasses that predominate over questions affecting only individual members including, but

4  not limited to:

5         1)    Whether Defendants failed to provide Plaintiff and Paystub Subclass

6  Members with wage statements that complied with the requirements of the California Labor Code

7  § 226;

8         2)    Whether Defendants failed to pay legally required minimum wage

9  for all hours worked, including time spent between appointments and traveling to and from

10  appointments to Plaintiff and Class Members;

11         3)    Whether Defendants' failure to pay legally required minimum wage

12  to Plaintiff and Class Members for all hours worked was willful;

13         4)    Whether Defendants failed to pay premium overtime compensation

14  to Plaintiff and Class Members for hours Plaintiff and Class Members worked in excess of eight

15  (8) hours per day and/or forty (40) hours per week, and double time wages for work over twelve

16  (12) hours in a day;

17         5)    Whether Defendants' failure to pay premium overtime compensation,

18  without abatement or reduction, in accordance with the California Labor Code ("Labor Code") to

19  Plaintiff and Class Members was willful;

20         6)    Whether Defendants failed to provide paid rest breaks in accordance

21  with Labor Code §226.7 and the applicable Industrial Welfare Commission ("IWC") wage order to

22  Plaintiff and Class Members;

23         7)    Whether Defendants failed to pay wages to Plaintiff and Waiting

24  Time Subclass Members in accordance with the timing requirements of Labor Code §§201 and

25  202;

26         8)    Whether Defendants failed to pay Plaintiff and Waiting Time

27  Subclass Members all wages earned either at the time of discharge, or within seventy-two (72)

28  hours of their voluntarily leaving Defendants' employ;

6

**COMPLAINT FOR DAMAGES**

9)    Whether Defendants' conduct was willful and/or reckless;

10)    Whether Defendants failed to reimburse Plaintiff and Class Members for business expenses they incurred in violation of California Labor Code § 2802;

11)    Whether Defendants engaged in unfair competition in violation of California Business & Professions Code §§17200, et seq.; and

12)    The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violations of California law.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

15.    Plaintiff repeats and incorporates herein by reference and realleges each and every allegation contained above, as though fully set forth herein.

16.    Defendants employed Plaintiff and other persons in the capacity of Security Technicians, Security Advisors, or equivalent positions with similar job duties, however titled, throughout California.

17.    Defendants employed Plaintiff as a Security Technician and/or Security Advisor from in or about July 2015 to in or about June 2017.

18.    Defendants continue to employ Security Technicians and/or Security Advisors, or individuals in equivalent positions with similar job duties, however titled, throughout the state of California.

19.    Plaintiff and Class Members work(ed) in non-exempt, non-managerial positions.

20.    During the relevant time frame, Plaintiff and Class Members provided, and continue to provide, security system installation services to Defendants' clients at various locations including Defendants' clients' homes. Plaintiff and Class Members were required to drive their personal vehicles to various client locations in order to provide services to Defendants' clients.

21.    During the relevant time frame, Plaintiff and Class Members were compensated only for time spent at morning meetings, providing installation services, and performing service calls.

22.    During the relevant time frame, Plaintiff and Class Members were required to log on to an online-based scheduling software system each morning to verify if they had a morning

7

COMPLAINT FOR DAMAGES

1    installation appointment, service calls, and/or an afternoon installation appointment. When Plaintiff

2    and Class Members did have a morning installation appointment, they were required to attend a

3    morning meeting at Defender's office. If they did not have a morning installation appointment,

4    Plaintiff and Class Members were required to be on-call for any service calls from existing

5    customers.

6        23.    Plaintiff and Class Members were compensated for their time at the morning

7    meeting; however, they were required to clock out once the morning meeting concluded. Plaintiff

8    and Class Members were not paid for their time gathering materials for their appointments or for

9    their time spent driving to their morning appointment from Defender's office after the morning

10    meeting.

11        24.    Plaintiff and Class Members would only be compensated for their time once they

12    entered the location for the service installation and began installation work. If the appointment was

13    delayed for any reason after Plaintiff and Class Members arrived, e.g., client was not home, Plaintiff

14    and Class Members were required to remain at the installation location but would not be

15    compensated for their time waiting at the location for the client to appear.

16        25.    Plaintiff and Class Members were specifically instructed not to clock in until they

17    entered the client's home.  Plaintiff and Class Members were specifically instructed to clock out

18    once their installation or service job was completed, but before they began their commute to their

19    next appointment.  Plaintiff and Class Members were never compensated for their time spent

20    driving to and from installation or service appointments.

21        26.  .  Defendants purposely scheduled a buffer time period between each of Plaintiff's

22    and Class Members' installation appointments each day in order to ensure that they were not late

23    for each appointment.  However, due to Defendants' compensation policy, Plaintiff and Class

24    Members were not paid for the time between when they arrived at their next appointment and when

25    the installation appointment actually began.

26        27.    Plaintiff and Class Members were also required to be on-call and available to assist

27    other Security Technicians and/or Security Advisors with an installation, remove a prior installation

28    job that was later cancelled, or respond to a service call from a current client of Defendants. During

8

COMPLAINT FOR DAMAGES

1    this on-call period, Plaintiff and Class Members were under Defendants' control.

2        28.    Throughout the workday and at the end of the day, Plaintiff and Class Members

3    were required to log on to an online-based scheduling software system to verify the day's

4    appointments had occurred and review and respond to any e-mails sent by Defendants.

5        29.    At all times relevant, Plaintiff and Class Members consistently performed work

6    without compensation including administrative time (time spent logging on to Defendants' system

7    each morning to check the status of appointments, reviewing and responding to telephone calls,

8    text messages, and emails from Defendants, and logging on to Defendants' system at the end of

9    each day to input information relating to their day of work)[1], driving from Defendants' office to

10   their first appointment each day, driving between appointments each day, waiting for Defendants'

11   clients, and waiting for further instructions from Defendants on service calls and additional

12   installation appointments. This uncompensated work was performed as a result of common policies

13   applicable to Plaintiff and Class Members.  Defendants were aware that Plaintiff and Class

14   Members were performing this work without compensation.

15       30.    During the relevant time frame, Plaintiff and Class Members often worked over

16   eight (8) hours in a day and forty (40) hours in a work week, but were not paid premium overtime

17   wages for that work, as required under California law.

18       31.    When Defendants did pay premium overtime and double time to Plaintiff and Class

19   Members, they failed to properly calculate Plaintiff's and Class Members' regular rates of pay and

20   corresponding premium overtime rates.

21       32.    Due to Defendants' compensation policies, at all times relevant, Plaintiff and Class

22   Members were never provided with a paid rest break as required under California law and were not

23   compensated with an hour's wages in lieu thereof in violation of Labor Code §§226.7 and applicable

24   IWC Wage Orders.

25       33.    Plaintiff and Paystub Subclass Members were not issued wage statements that

26   complied with California Labor Code §226(a)'s requirements. At all times relevant, Defendants

27
  [1] Within the last two years, Defendants began paying Plaintiff and Class Members one hour of administrative pay per
28   week to cover the time they spent performing administrative tasks. However, Plaintiff and Class Members spent more
than one hour each week performing these tasks.

9

1  provided wage statements to Plaintiff and Paystub Subclass Members that failed to: (1) report total
2  hours worked; and (2) include the applicable commission rate and amount of sales for the applicable
3  time period.

4      34.    Plaintiff and Class Members were also required to use their personal tools to provide
5  installation services to Defendants' clients. These personal tools provided by Plaintiff and Class
6  Members included, but are not limited to, electric drills, drill bits, precision screwdrivers, regular
7  screwdrivers, levels, and step stools. Despite these requirements, Defendants did not reimburse
8  Plaintiff and Class Members for use of their personal tools.

9      35.    Plaintiff is informed and believes, and thereon alleges, that Defendants are and were
10  advised by skilled lawyers and other professionals, employees, and advisors with knowledge of the
11  requirements of California's wage and employment laws.

12  **FIRST CAUSE OF ACTION FOR FAILURE TO PROVIDE COMPLIANT ITEMIZED**
13  **WAGE STATEMENTS**

14  **(By Plaintiff and Paystub Subclass Against All Defendants)**

15      36.    Plaintiff repeats and incorporates herein by reference and realleges each and every
16  allegation contained above, as though fully set forth herein.

17      37.    California Labor Code § 226(a) sets forth reporting requirements for employers
18  when they pay wages: "Every employer shall ... at the time of each payment of wages, furnish
19  each of his or her employees ... an accurate itemized statement in writing showing (1) gross wages
20  earned, (2) total hours worked by the employee, except for any employee whose compensation is
21  solely based on a salary and who is exempt from payment of overtime under subdivision (a) of
22  Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-
23  rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis [this
24  section has been interpreted by Department of Labor Standards Enforcement to also require the
25  same information for commissioned employees, i.e., commission rate and amount of sales], (4) all
26  deductions, provided that all deductions made on written orders of the employee may be aggregated
27  and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the
28  employee is paid, (7) the name of the employee and only the last four digits of his or her social

10

**COMPLAINT FOR DAMAGES**

1  security number or an employee identification number other than a social security number, (8) the

2  name and address of the legal entity that is the employer ..., and (9) all applicable hourly rates in

3  effect during the pay period and the corresponding number of hours worked at each hourly rate by

4  the employee ...."

5       38.    Within the year prior to the filing of this complaint, Defendants knowingly and

6  intentionally failed, and continue to fail, to furnish Plaintiff and Paystub Subclass Members

7  compliant wage statements upon each payment of wages in violation of California Labor Code §

8  226(a). Specifically, the wage statements Defendants provided, and continue to provide, to Plaintiff

9  and Paystub Subclass Members violated California Labor Code §226(a) because they failed to: (1)

10  report total hours worked; and (2) include the applicable commission rate and amount of sales for

11  the applicable time period.

12       39.    California Labor Code § 226(e) provides: "An employee suffering injury as a result

13  of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to

14  recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a

15  violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent

16  pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to

17  an award of costs and reasonable attorney's fees."

18       40.    California Labor Code § 226(e)(2)(B) states in pertinent part "[a]n employee is

19  deemed to suffer injury for purposes of this subdivision if the employer fails to provide accurate

20  and complete information as required by any one or more of items (1) to (9), inclusive, of

21  subdivision (a) and the employee cannot promptly and easily determine from the wage statement

22  alone one or more of the following: ... (i) ...any of the other information required to be provided

23  on the itemized wage statement pursuant to items (2) to (4), inclusive, (6) and (9) of subdivision

24  (a)...."

25       41.    Defendants knowingly and intentionally failed, and continue to fail, to furnish

26  Plaintiff and Paystub Subclass Members with compliant wage statements upon each payment of

27  wages in violation of California Labor Code § 226(a).

28       42.    Defendants will no doubt continue these illegal practices until such time as they are

11

COMPLAINT FOR DAMAGES

1   forced to pay penalties in compliance with Labor Code § 226(e).

2       43.    Plaintiff and Class Members were and continue to be injured and damaged by

3   Defendants' failure to comply with California Labor Code §226(a) and, accordingly, are entitled to

4   recover statutory penalties, attorneys' fees, and costs under Labor Code § 226(e).

5   **SECOND CAUSE OF ACTION FOR FAILURE TO PAY WAGES, INCLUDING**

6   **MINIMUM WAGES**

7   **(By Plaintiff and Class Against All Defendants)**

8       44.    Plaintiff repeats and incorporates herein by reference and realleges each and every

9   allegation contained above, as though fully set forth herein.

10       45.    At all relevant times, California Labor Code §1197 provides that the minimum wage

11   for employees fixed by the IWC is the minimum wage to be paid to employees, and the payment

12   of a lesser wage than the established minimum is unlawful.

13       46.    At all times relevant, Plaintiff and Class Members were not allowed to record all

14   hours that they worked and were not paid for all hours that they worked.

15       47.    At all times relevant, Defendants regularly failed to pay minimum wage to Plaintiff

16   and Class Members as required. Defendants' failure to pay Plaintiff and Class Members minimum

17   wages as required violates California Labor Code §1197.

18       48.    Plaintiff and Class Members are entitled to recover the unpaid balance of their

19   minimum wage compensation as well as interest, costs, and attorneys' fees under California Labor

20   Code §1194 and liquidated damages in an amount equal to the wages unlawfully unpaid and interest

21   thereon under California Labor Code §1194.2.

22   **THIRD CAUSE OF ACTION FOR FAILURE TO PAY OVERTIME WAGES**

23   **(By Plaintiff and Class Against All Defendants)**

24       49.    Plaintiff repeats and incorporates herein by reference and realleges each and every

25   allegation contained above, as though fully set forth herein.

26       50.    At all times relevant, the IWC Wage Orders applicable to Plaintiff's and Class

27   Members' employment by Defendants provided that employees working for more than eight (8)

28   hours in a day or forty (40) hours in a work week are entitled to overtime compensation at the rate

12

COMPLAINT FOR DAMAGES

1  of time-and-one-half his or her regular rate of pay for all hours worked in excess of eight (8) hours

2  in a day or forty (40) hours in a work week. An employee who works more than twelve (12) hours

3  in a day is entitled to overtime compensation at a rate of two times his or her regular rate of pay.

4      51.    California Labor Code §510 codifies the right to overtime compensation at the rate

5  of time-and-one-half the regular rate of pay for all hours worked in excess of eight (8) hours in a

6  day or forty (40) hours in a work week and to overtime compensation at twice the regular rate of

7  pay for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day

8  on the seventh day of work in a particular work week.

9      52.    At all times relevant, Plaintiff and Class Members consistently worked in excess of

10  eight (8) hours in a day and/or forty (40) hours in a week.

11      53.    At all times relevant, Defendants failed to properly pay overtime wages owed to

12  Plaintiff and Class Members.

13      54.    At all times relevant, Plaintiff and Class Members regularly performed non-exempt

14  work in excess of 50% of the time, and thus, were subject to the overtime requirements of the

15  applicable IWC Wage Orders and the California Labor Code.

16      55.    Defendants' failure to pay Plaintiff and Class Members the unpaid balance of

17  premium overtime compensation violates the provisions of California Labor Code §§510 and 1198

18  and the applicable IWC Wage Orders and is therefore unlawful.

19      56.    Accordingly, Defendants owe Plaintiff and Class Members overtime wages, and

20  have failed and refused, and continue to fail and refuse, to pay Plaintiff and Class Members the

21  overtime wages owed.

22      57.    Under California Labor Code §1194, Plaintiff and Class Members are entitled to

23  recover their unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

24  **FOURTH CAUSE OF ACTION FOR FAILURE TO PROVIDE REST PERIODS**

25  **(By Plaintiff and Class Against All Defendants)**

26      58.    Plaintiff repeats and incorporates herein by reference and realleges each and every

27  allegation contained above, as though fully set forth herein.

28      59.    Under the IWC wage order applicable to Plaintiff's and Class Members' employment

13

**COMPLAINT FOR DAMAGES**

by Defendants:

> Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period.... [The] authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours worked or major fraction thereof.... Authorized rest period time shall be counted as hours worked, for which there shall be no deduction from wages.

Labor Code §226.7(a) prohibits an employer from requiring any employee to work during any rest period mandated by an applicable order of the IWC. Defendants were required to authorize and permit employees such as Plaintiff and Class Members to take paid rest periods, based upon the total hours worked at a rate of ten (10) minutes net rest per four (4) hours, or major fraction thereof, with no deduction from wages. Despite said requirements of the IWC wage orders applicable to Plaintiffs and Class Members' employment by Defendants, Defendants failed and refused to authorize and permit Plaintiff and Class Members, in their roles as Security Technicians and/or Security Advisors, or equivalent positions with similar job duties, however titled, to take paid ten (10) minute rest periods for every four (4) hours worked, or major fraction thereof.

60.    At all times relevant, Defendants only allowed Plaintiff and Class Members to be on the clock during meetings and installation/service appointments making it impossible for Plaintiff and Class Members to ever take a paid rest break as required by the IWC wage order applicable to Plaintiff's and Class Members' employment with Defendants.

61.    For the three (3) years preceding the filing of this lawsuit, Defendants failed to provide Plaintiff and Class Members the required paid rest periods under the IWC wage orders applicable to Plaintiffs and Class Members' employment by Defendants and Labor Code §226.7. As a proximate result of the aforementioned violations, Plaintiff and Class Members have been damaged in an amount according to proof at time of trial.

62.    Under Labor Code §226.7, Plaintiff and Class Members are entitled to recover one (1) hour of premium pay for each day in which a paid rest period was not provided.

14

COMPLAINT FOR DAMAGES

## FIFTH CAUSE OF ACTION FOR FAILURE TO TIMELY PAY WAGES DUE

### (By Plaintiff and Waiting Time Subclass Against All Defendants)

63.    Plaintiff repeats and incorporates herein by reference and realleges each and every allegation contained above, as though fully set forth herein.

64.    Labor Code §§201-202 requires an employer who discharges an employee to pay compensation due and owing to said employee immediately upon discharge and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages on their last day of work.  Labor Code §203 provides that if an employer willfully fails to pay compensation promptly upon discharge, as required by Labor Code §§201-202, the employer is liable for waiting time penalties in the form of continued compensation for up to thirty (30) work days.

65.    Because Defendants willfully and illegally failed to pay Plaintiff and Waiting Time Subclass Members wages for all hours they worked as well as properly calculated premium wages for all overtime hours they worked as alleged herein, during the relevant time period, Defendants willfully failed and refused, and continue to willfully fail and refuse to pay Plaintiff and Waiting Time Subclass Members their wages, earned and unpaid, either at the time of discharge, or within seventy-two (72) hours of their voluntarily leaving Defendants' employ.

66.    Defendants' willful failure to pay Plaintiff and Waiting Time Subclass Members their wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their voluntarily leaving Defendants' employ, violates Labor Code §§201-202.

67.    As a result, Defendants are liable to Plaintiff and Waiting Time Subclass Members for waiting time penalties under Labor Code §203, in an amount according to proof at the time of trial.

## SIXTH CAUSE OF ACTION FOR FAILURE TO REIMBURSE EMPLOYEE EXPENSES

### (By Plaintiff and Class Against All Defendants)

68.    Plaintiff repeats and incorporates herein by reference and realleges each and every

15

COMPLAINT FOR DAMAGES

1    allegation contained above, as though fully set forth herein.

2    69.    California Labor Code §2802 provides in pertinent part that: "An employer shall

3    indemnify his or her employee for all necessary expenditures or losses incurred by the employee in

4    direct consequence of the discharge of his or her duties …."

5    70.    For the four year period preceding the filing of this complaint, Plaintiff and Class

6    Members have been required to incur and pay for expenses in the discharge of their employment

7    duties including, but not limited to expenses for electric drills, drill bits, precision screwdrivers,

8    regular screwdrivers, levels, and step stools, all without reimbursement from Defendants.

9    71.    As a proximate result of Defendants' violations of Labor Code §2802, Plaintiff and

10   Class Members have been damaged in an amount according to proof.

11   72.    Plaintiff and Class Members are entitled to recover the full amount of the expenses

12   they incurred in the course of their job duties, plus interest, attorneys' fees, and costs under Labor

13   Code §2802.

14   **SEVENTH CAUSE OF ACTION FOR UNFAIR COMPETITION**

15   **(By Plaintiff and Class Against All Defendants)**

16   73.    Plaintiff repeats and incorporates herein by reference and realleges each and every

17   allegation contained above, as though fully set forth herein.

18   74.    Defendants' conduct, as alleged in this complaint, has been, and continues to be,

19   unfair, unlawful, and harmful to Plaintiff and Class Members, Defendants' competitors, and the

20   general public.  Plaintiff seeks to enforce important rights affecting the public interest within the

21   meaning of the California Code of Civil Procedure §1021.5.

22   75.    Defendants' policies, activities, and actions as alleged herein, are violations of

23   California law and constitute unlawful business acts and practices in violation of California

24   Business and Professions Code §§17200, et seq.

25   76.    A violation of California Business and Professions Code §§17200, et seq., may be

26   predicated on the violation of any state or federal law.  In the instant case, Defendants' policy and

27   practice of failing to pay Plaintiff and Class Members overtime and minimum wages, as well as to

28   provide them with paid rest periods, over the past four (4) years violates Labor Code §§1198, 1197,

16

COMPLAINT FOR DAMAGES

1   1197.1, 1194, 510, 226.7, and the applicable IWC wage orders.

2       77.    Plaintiff and Class Members have been personally aggrieved by Defendants'

3   unlawful and unfair business acts and practices alleged herein by the loss of money and/or property.

4       78.    Under California Business and Professions Code §17200, et seq., Plaintiff and Class

5   Members are entitled to restitution of the wages withheld and retained by Defendants during a

6   period that commences four years prior to the filing of the Original Complaint in this Action; an

7   award of attorneys' fees under California Code of Civil Procedure §1021.5, and an award of costs.

8

9                                    **PRAYER FOR RELIEF**

10      WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

11                                    Class Certification

12      1.     That this action be certified as a class action;

13      2.     That Plaintiff be appointed as the representatives of the Class;

14      3.     That Plaintiff be appointed as the representative of the Subclasses; and

15      4.     That counsel for Plaintiff be appointed as counsel for the Class and Subclasses.

16                                  On the First Cause of Action

17      1.     For statutory damages measured at $50 for the first violation, and $100 for every

18  subsequent violation, for Plaintiff and each Paystub Subclass Member under California Labor Code

19  §226(e);

20      2.     For reasonable attorneys' fees and costs under California Labor Code §226(e); and

21      3.     For such other and further relief as the Court deems proper.

22                                 On the Second Cause of Action

23      1.     For compensatory damages in an amount equal to the amount of unpaid wages owed

24  to Plaintiff and Class Members;

25      2.     For pre-judgment interest on any unpaid wages due from the day that such amounts

26  were due;

27      3.     For reasonable attorneys' fees and costs under Labor Code §1194 and liquidated

28  damages under Labor Code §1194.2; and

                                             17

                                **COMPLAINT FOR DAMAGES**

1      4.      For such other and further relief as the Court deems proper.

2                        <u>On the Third Cause of Action</u>

3      1.      For compensatory damages in an amount equal to the amount of unpaid overtime

4  and double time compensation owed to Plaintiff and Class Members;

5      2.      For pre-judgment interest on any unpaid overtime compensation due from the day

6  that such amounts were due;

7      3.      For reasonable attorneys' fees and costs under Labor Code §1194; and

8      4.      For such other and further relief as the Court deems proper.

9                        <u>On the Fourth Cause of Action</u>

10     1.      For one (1) hour of premium pay for each day in which a required rest period was

11  not provided;

12     2.      For attorneys' fees and costs; and

13     3.      For such other and further relief as the Court deems proper.

14                       <u>On the Fifth Cause of Action</u>

15     1.      For statutory penalties under Labor Code §203;

16     2.      For pre-judgment interest for wages untimely paid; and

17     3.      For such other and further relief as the Court deems proper.

18                       <u>On the Sixth Cause of Action</u>

19     1.      For compensatory damages in an amount equal to the amount of unreimbursed

20  business expenses owed to Plaintiff and Class Members;

21     2.      For pre-judgment interest on any unreimbursed business expenses due from the day

22  that such amounts were to be reimbursed;

23     3.      For reasonable attorneys' fees and costs under California Labor Code §2802; and

24     4.      For such other and further relief as the Court deems proper.

25                       <u>On the Seventh Cause of Action</u>

26     1.      That Defendants, jointly and/or severally, pay restitution and/or disgorgement of

27  sums to Plaintiff and Class Members for their past failures to pay minimum and overtime wages

28  over the last four (4) years in an amount according to proof;

                                   18

                          **COMPLAINT FOR DAMAGES**

2.       That Defendants, jointly and/or severally, pay restitution and/or disgorgement of sums to Plaintiff and Class Members for their past failures to pay premium wages for meal and/or rest periods that were not provided to Plaintiff and Class Members over the last four (4) years in an amount according to proof;

3.       For pre-judgment interest on any unpaid overtime wages due from the day that such amounts were due;

4.       For reasonable attorneys' fees that Plaintiff and Class Members are entitled to recover under the Labor Code and California Code of Civil Procedure §1021.5;

5.       For costs of suit incurred herein that Plaintiff and Class Members are entitled to recover under the Labor Code; and

6.       For such other and further relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff and members of the Class and Subclasses request a jury trial in this matter.

Dated: February 16, 2018

                            MESERVY LAW, P.C.
                            SKILLING O'LEARY, PC


                            By: _____
                                TIMOTHY J. O'LEARY (SB# 270229)

                            Attorneys for Plaintiff Matthew John Swearingen
                            and for Members of the Class and Subclasses

19

COMPLAINT FOR DAMAGES

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>— Timothy J. O'Leary, SBN 270229<br>Skilling O'Leary, PC<br>401 West A Street, Suite 1745<br>San Diego, CA 92101<br>TELEPHONE NO.: 619-500-4027    FAX NO.:<br>ATTORNEY FOR *(Name)*: tim@skolegal.com | FOR COURT USE ONLY<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**02/20/2018** at 12:00:00 AM<br>Clerk of the Superior Court<br>By Justin Jones, Deputy Clerk |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego 92101
BRANCH NAME: Hall of Justice - Central

CASE NAME:
Matthew John Swearingen, et al. v. Defenders, Inc. et al.

| CIVIL CASE COVER SHEET<br>[✓] Unlimited  [ ] Limited<br>(Amount  (Amount<br>demanded  demanded is<br>exceeds $25,000)  $25,000 or less) | Complex Case Designation<br>[ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER: 37-2018-00008302-CU-OE-CTL<br>JUDGE: Judge Randa Trapp<br>DEPT: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [✓] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [✓] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties     d. [ ] Large number of witnesses
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve     e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence     f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify)*: 7
5. This case [✓] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 2/16/18
Timothy J. O'Leary
_____        _____
(TYPE OR PRINT NAME)                     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS:    330 W Broadway<br>MAILING ADDRESS:   330 W Broadway<br>CITY AND ZIP CODE:  San Diego CA 92101-3827<br>BRANCH NAME:    Central | |

| Short Title: Matthew John Swearingen vs. Defenders Inc [E-File] | |
|---|---|

| NOTICE OF CONFIRMATION OF ELECTRONIC FILING | CASE NUMBER:<br>37-2018-00008302-CU-OE-CTL |
|---|---|

San Diego Superior Court has reviewed the electronic filing described below. The fee assessed for processing and the filing status of each submitted document are also shown below.

**Electronic Filing Summary Data**

| | |
|---|---|
| Electronically Submitted By: | Timothy O'Leary |
| On Behalf of: | Matthew Swearingen |
| Transaction Number: | 2448770 |
| Court Received Date: | 02/19/2018 |
| Filed Date: | 02/20/2018 |
| Filed Time: | 12:00 AM |
| Fee Amount Assessed: | $1,435.00 |
| Case Number: | 37-2018-00008302-CU-OE-CTL |
| Case Title: | Matthew John Swearingen vs. Defenders Inc [E-File] |
| Location: | Central |
| Case Type: | Other employment |
| Case Category: | Civil - Unlimited |
| Jurisdictional Amount: | > 25000 |

| Status | Documents Electronically Filed/Received |
|---|---|
| Accepted | Complaint |
| Accepted | Civil Case Cover Sheet |
| Accepted | Original Summons |

**Comments**

**Clerk's Comments:**
**Events Scheduled**

| Hearing(s) | Date | Time | Location | Department |
|---|---|---|---|---|
| Civil Case Management Conference | 10/19/2018 | 09:30 AM | Central | C-70 |

**Electronic Filing Service Provider Information**

| | |
|---|---|
| Service Provider: | OneLegal |
| Email: | support@onelegal.com |

02/20/2018                                    NOTICE OF CONFIRMATION OF FILING

**Contact Person:**     **Customer Support**
**Phone:**              **(800) 938-8815**

---

02/20/2018                   **NOTICE OF CONFIRMATION OF FILING**

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | | |
|---|---|---|
| STREET ADDRESS: | 330 W Broadway | |
| MAILING ADDRESS: | 330 W Broadway | |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 | |
| BRANCH NAME: | Central | |
| TELEPHONE NUMBER: | (619) 450-7070 | |

| PLAINTIFF(S) / PETITIONER(S): | Matthew John Swearingen |
|---|---|

| DEFENDANT(S) / RESPONDENT(S): | Defenders Inc |
|---|---|

MATTHEW JOHN SWEARINGEN VS. DEFENDERS INC [E-FILE]

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE on MANDATORY eFILE CASE | CASE NUMBER: 37-2018-00008302-CU-OE-CTL |
|---|---|

## CASE ASSIGNMENT

Judge: Randa Trapp                                   Department: C-70

**COMPLAINT/PETITION FILED:** 02/20/2018

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 10/19/2018 | 09:30 am | C-70 | Randa Trapp |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

MANDATORY eFILE: Case assigned to mandatory eFile program per CRC 3.400-3.403 and SDSC Rule 2.4.11. All documents must be eFiled at www.onelegal.com. Refer to General Order in re procedures regarding electronically imaged court records, electronic filing, and access to electronic court records in civil and probate cases or guidelines and procedures.

COURT REPORTERS: Court reporters are not provided by the Court in Civil cases. See policy regarding normal availability and unavailability of official court reporters at www.sdcourt.ca.gov.

*ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

SDSC CIV-721 (Rev. 01-17)

**NOTICE OF CASE ASSIGNMENT**

Page: 1



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2018-00008302-CU-OE-CTL        CASE TITLE: Matthew John Swearingen vs. Defenders Inc [E-File]

**NOTICE:** All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
> **(1)** this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
> **(2)** the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), *and*
> **(3)** the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

**Potential Advantages and Disadvantages of ADR**
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| Potential Advantages | Potential Disadvantages |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

**Most Common Types of ADR**
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

---

**Other ADR Processes:**  There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:**  The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection:  Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005).  The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:**  The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:**  The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience.  Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:**  The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:**  To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at www.courtinfo.ca.gov/selfhelp/lowcost.

---

SDSC CIV-730 (Rev 12-10)          **ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**                    Page: 2

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway<br>MAILING ADDRESS: 330 West Broadway<br>CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827<br>BRANCH NAME: Central | |

| PLAINTIFF(S): Matthew John Swearingen |
|---|
| DEFENDANT(S): Defenders Inc |
| SHORT TITLE: MATTHEW JOHN SWEARINGEN VS. DEFENDERS INC [E-FILE] |

| STIPULATION TO USE ALTERNATIVE<br>DISPUTE RESOLUTION (ADR) | CASE NUMBER:<br>37-2018-00008302-CU-OE-CTL |
|---|---|

Judge: Randa Trapp                                     Department: C-70

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                    ☐ Non-binding private arbitration

☐ Mediation (private)                            ☐ Binding private arbitration

☐ Voluntary settlement conference (private)      ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)                   ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____          Date: _____

_____          _____
Name of Plaintiff                                Name of Defendant

_____          _____
Signature                                        Signature

_____          _____
Name of Plaintiff's Attorney                     Name of Defendant's Attorney

_____          _____
Signature                                        Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

IT IS SO ORDERED.

Dated: 02/20/2018                                _____
                                                 JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)    **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**    Page: 1